UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAC PRODUCTS, INC.,

     Plaintiff,

                                Case No. 26-cv-12521
v.                                 Hon. Matthew F. Leitman

METEOR SEALING SYSTEMS, LLC,

     Defendant.

_____/

### ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ORDER OF IMMEDIATE POSSESSION (ECF No. 3)

In this case, Plaintiff JAC Products, Inc. ("JAC") filed a verified Complaint alleging that it has a requirements contract with Defendant Meteor Sealing Systems, LLC ("Meteor"), under which Meteor is obligated to supply automotive parts ("Parts") to JAC. (*See* Compl., ECF No. 1, PageID.1-2.)  JAC alleges that Meteor stopped supplying Parts to JAC in October 2025 and that Meteor did not respond to demands for parts in March, April, and May 2026. (*See id.*, PageID.5-6.)  JAC now believes that Meteor ceased operations in April 2026. (*See id.*, PageID.13.)  JAC's Complaint alleges that Meteor breached its contract with JAC by failing to produce parts as requested and, relevant here, by failing to return specialized manufacturing equipment ("Tooling") to JAC after Meteor shut down. (*See id.*, PageID.7.)  JAC alleges that the value of the Tooling is approximately $100,000. (*See id.*, PageID.12.)

1

JAC has now filed a Motion for Possession Pending Final Judgment under Federal Rule of Civil Procedure 64(a) and Michigan Court Rule 3.105 (the "Immediate Possession Motion"). (*See* Mot., ECF No. 3).   In the Immediate Possession Motion, JAC seeks an order requiring Meteor to immediately deliver possession of the Tooling to JAC.  The Court has reviewed the Immediate Possession Motion and rules as set forth below.

Federal Rule of Civil Procedure 64(a) provides that "[a]t the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment. But a federal statute governs to the extent it applies." Fed. R. Civ. P. 64(a).  Here, Rule 3.105(E) of the Michigan Court Rules provides a remedy for seizing property during the pendency of an action to secure a potential judgment.  That rule provides as follows:

> (1) . . . After the complaint is filed, the plaintiff may file a verified motion requesting possession pending final judgment.  The motion must
>
>> (a) describe the property to be seized, and
>>
>> (b) state sufficient facts to show that the property described will be damaged, destroyed, concealed, disposed of, or used so as to substantially impair its value, before final judgment unless the property is taken into custody by court order.

Mich. Ct. R. 3.105(E)(1).

JAC has filed a Verified Complaint in which it has adequately described the property to be seized and in that pleading and in the Immediate Possession Motion, JAC has stated sufficient facts to show the property described will be disposed of or will rapidly deplete in value before a final judgment is issued in this case.

Accordingly, under Michigan Court Rule 3.105(2), **IT IS HEREBY ORDERED** as follows:

(1) Meteor shall "refrain from damaging, destroying, concealing, disposing of, or using so as to substantially impair its value, the property until further order of the court." Mich. Ct. R. 3.105(2)(a).

(2) Meteor shall appear before the Court on **Tuesday, August 4, 2026, at 1:00 p.m. EST**, to answer the Immediate Possession Motion.

(3) JAC shall serve the Immediate Possession Motion and this Order on the counsel and representatives from Meteor with whom it has been communicating as described in Footnote 1 of its motion (*see* Mot., ECF No. 3, PageID.68 n.1) by not later than the close of business on **Monday, July 27, 2026**. JAC shall serve these documents by email and regular mail.

(4) JAC shall file a Certificate of Service on the docket confirming service of the documents on Meteor by email and regular mail.

To the extent JAC seeks an order granting it immediate possession of the Tooling, the request is premature, *see* Michigan Court Rule 3.105(E)(4), and is

3

**DENIED WITHOUT PREJUDICE**. The Court will determine whether JAC is entitled to immediate possession of the Tooling at the hearing on August 4, 2026.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: July 24, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 24, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126

4